NO. 07-08-0331-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 12, 2009

_____

ROBERT LEE BARRIENTOS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 02-2628; HON. CARTER T. SCHILDKNECHT, PRESIDING

_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Robert Lee Barrientos was convicted after a jury trial of felony driving while intoxicated, and punishment was assessed by the trial court at 20 years confinement. Appellant's appointed counsel has now filed a motion to withdraw, together with an *Anders*[1]

---

[1]*See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

brief wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel attached a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response *pro se.* By letter dated November 24, 2008, this court also notified appellant of his right to tender his own response and set December 23, 2008, as the deadline to do so. Appellant filed a *pro se* response on December 9, 2008, and requested that he be appointed new counsel.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed two potential areas for appeal. They include 1) the denial of appellant's motion to suppress the results of the traffic stop, and 2) the failure to grant a mistrial after a witness referred to other crimes with which appellant was charged as a result of his arrest for DWI. However, counsel then proceeded to explain why neither issue requires reversal on appeal.

In addition, we have conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any reversible error pursuant to *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). We have also reviewed appellant's response. After doing so, we concur with counsel's conclusions.

Accordingly, the motion to withdraw is granted, appellant's motion for new counsel is denied, and the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.

2